IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| PICK PUNCH LLC | ) | |
| 12827 Buff Stone Court | ) | |
| Fishers, Indiana 46037 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| EQUIPT4, LLC | ) | |
| 12028 Edgepark Court | ) | |
| Potomac, Maryland 20854 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pick Punch LLC ("Pick Punch") for its Complaint against Defendant Equipt4, LLC ("Equipt4") avers the following:

## NATURE OF THE ACTION

1.      This is a civil action for infringement of United States Patent No. 6,930,231 ("the '231 Patent" and "the Patent-in-Suit").

## THE PARTIES

2.      Plaintiff Pick Punch is an Indiana Limited Liability Company with its principal place of business at 12827 Buff Stone Court, Fishers, Indiana 46037.

3.      On information and belief, Defendant Equipt4, LLC is a Maryland Limited Liability Company with its principal place of business at 12028 Edgepark Court, Potomac, Maryland 20854.

**JURISDICTION & VENUE**

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      The Court has personal jurisdiction over Equipt4 *inter alia* because Equipt4 resides in this Judicial District and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

6.      Venue is proper in this court pursuant to 28 U.S.C. §§ 1391 and 1400 because Equipt4 resides in this Judicial District and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**GENERAL ALLEGATIONS**

7.      Pick Punch is a pioneer in the field of do-it-yourself guitar pick manufacture. This technology enables users to obtain a punch with a guitar pick-shaped cutting die or blade, obtain an identification card, and employ the punch to cut guitar pick shapes from the identification card.

8.      The identification card may be positioned such that the resulting guitar pick prominently displays a portion of the identification card logo (i.e. Visa®, Mastercard®, or the like), includes the security hologram, includes the name of the card holder, etc.  In this way, the guitar pick may be made to have a pleasing design element.

9.      On August 16, 2005, plaintiff Pick Punch was duly and legally issued the '231 Patent, which is titled "Method Of Producing Guitar Picks From Identification Cards."  A copy of the '231 Patent is attached to this Complaint as Exhibit A.

10.     Pick Punch has been at all relevant times hereto and still is the owner of all rights, title, and interest in the '231 Patent.

11.     The '231 Patent is valid and enforceable.

12.     As used in the patent, the term "'Identification card' . . . refers to any type of card used to provide information, access, rights, or status upon the owner. Common forms of identification cards intended to be covered include, but are not limited to, credit cards, driver's licenses, student identification cards, organizational membership cards, debit and ATM cards, insurance cards, security badges, gift certificates, hotel electronic keys, business service cards such as cards to rent movies or obtain discounts on consumer purchases, calling cards, or any other card that has some commercial, legal, or personal significance."  Exhibit A, col. 2, ll. 6-17.

13.     Pick Punch's special punches have enjoyed enormous commercial success since they were first launched in June of 2009 and are sold in the United States and over 180 countries worldwide.

14.     To date, Pick Punch has sold approximately 400,000 units in the United States and approximately 50,000 units outside of the United States.

15.     Pick Punch offers for sale and sells its PICK PUNCH® punches and dies ("PICK PUNCH® Products") through online retailers, including Amazon.com.  Exhibit B, printout of Amazon.com webpage offering PICK PUNCH® Products and Equipt4 Products for sale; Exhibit C, printout of Amazon.com product listing (including reviews) offering PICK PUNCH® Products for sale.

16.     Pick Punch marks its packaging and website www.pickpunch.com with United States Patent No. 6,930,231.  Exhibit D, photo of PICK PUNCH® packaging bearing a reference to United States Patent No. 6,930,231; Exhibit E, printout of webpage www.pickpunch.com/faq.html bearing a reference to United States Patent No. 6,930,231 under the "Intellectual Property" heading.

17.     Defendant Equipt4 sells and offers to sell punches specifically for the purpose of punching identification cards to produce guitar picks ("Equipt4 Products").

18.     Equipt4 refers to its Equipt4 Products by the name "Pick-a-Palooza".

19.     Equipt4 offers for sale and sells its Equipt4 Products through online retailers, including Amazon.com.    Exhibit B; Exhibit F, printout of Amazon.com product listing (including reviews) offering Equipt4 Products for sale.

20.     Defendant's Equipt4 Products embody and/or practice the '231 Patent's claimed method for punching guitar pick shapes from an identification card.

21.     Guitar picks produced from identification cards using the Equipt4 Products constitute products made by the '231 Patent's patented process.

22.     Guitar picks produced from identification cards using the Equipt4 Products were imported, made, offered for sale, sold, or used during the term of the '231 Patent.

23.     Customers of Equipt4 have posted reviews of the Equipt4 Products online describing the customers' use of the Equipt4 Products to employ the method of the '231 Patent for punching guitar picks from identification cards.  Exemplary customer reviews for the Equipt4 Products are provided in Exhibit F.  *See* Exhibit F, customer reviews of the Equipt4 Products dated May 8, 2013 (Joni von Vorys); May 13, 2013 (Julie); May 14, 2013 (Barbara Steagall); May 25, 2013 (Road blazer "Carl" "Carl"); June 10, 2013 (HeadhunterJohnny); June 18, 2013 (BrendaBG); and June 22, 2013 (ReadnWrit "ReadnWrit").

24.      Equipt4 was placed on notice of Pick Punch's '231 Patent and Pick Punch's belief that Equipt4 was infringing the '231 Patent in a series of emails dated May 21, 2013. Exhibit G, Emails exchanged between Equipt4 LLC and William Luhmann through Amazon Marketplace on May 21, 2013.

25.    On information and belief, Defendant Equipt4 is aware or should be aware that its Equipt4 Products and the use thereof meet each and every limitation of one or more claims of the Patent-in-Suit.

26.    On information and belief, Equipt4 is aware or should be aware that guitar picks produced from identification cards using the Equipt4 Products constitute products made by the '231 Patent's patented process and that such guitar picks were imported, made, offered for sale, sold, or used during the term of the '231 Patent.

## CLAIM FOR RELIEF
Infringement of U.S. Patent No. 6,930,231

27.    Pick Punch incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28.    Upon information and belief, Equipt4 has been, is currently, and will continue to directly infringe one or more claims of the of the '231 Patent by importing, making, using, selling, and/or offering to sell within the United States guitar pick punches that practice the method of the patented invention.

29.    Upon information and belief, Equipt4 has been, is currently, and will continue to directly infringe one or more claims of the of the '231 Patent by importing, making, using, selling, and/or offering to sell within the United States guitar picks produced from identification cards using the Equipt4 Products during the term of the '231 Patent.

30.    Equipt4 has been, is currently, and will continue to actively induce and encourage infringement by others of the '231 Patent.

31.    Equipt4 was on notice of the '231 Patent when it induced and encouraged the direct infringement of the patent by selling to its customers guitar pick punches that embody or practice the patented invention and instructing them to use the punches to practice the patented method.

32.     Upon information and belief, Equipt4 acted with specific intent to induce and encourage its customers' infringement by selling infringing products to them and instructing customers to practice the patented method.

33.     Equipt4 has been, is currently, and will continue to contribute to the infringement of the '231 Patent by selling and/or offering to sell the Equipt4 Products, which are a material component of Equipt4's customers' creation of guitar picks from identification cards.

34.     Upon information and belief, the infringing Equipt4 Products are especially made or adapted for use to create guitar picks from identification cards.

35.     Upon information and belief, the infringing Equipt4 Products are especially made or adapted for use in practicing the patented method claimed in the '231 Patent.

36.     The Equipt4 Products are not a staple article or commodity of commerce suitable for substantial noninfringing use.

37.     Equipt4 had knowledge of the '231 Patent and knew that its Equipt4 Products were specially made or adapted to be used to infringe the '231 Patent.

38.     Equipt4 had knowledge of the '231 Patent and knew that guitar picks produced from identification cards using the Equipt4 Products constituted products made by the '231 Patent's patented process.

39.     Equipt4 had knowledge of the '231 Patent and knew that guitar picks produced from identification cards using the Equipt4 Products were imported, made, offered for sale, sold, or used during the term of the '231 Patent.

40.     As a direct and proximate consequence of Equipt4's infringement of the '231 Patent, Pick Punch has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Pick Punch is entitled to relief.

41.     Pick Punch seeks damages and preliminary and permanent injunctive relief against further infringement.

42.     Equipt4's acts of direct and indirect infringement are willful because, on information and belief, Equipt4 knew or should have known of the '231 Patent and that its acts of making, using, offering to sell, or selling the accused systems would infringe, contributorily infringe, or cause infringement by inducement of the '231 Patent, but Equipt4 acted despite an objectively high likelihood that such activities would infringe the '231 Patent.

43.     Equipt4's acts of importing, making, offering for sale, selling, or using guitar picks produced from identification cards using the Equipt4 Products during the term of the '231 Patent are willful because, on information and belief, Equipt4 knew or should have known of the '231 Patent and that its acts of importing, making, using, offering to sell, or selling such guitar picks would infringe, contributorily infringe, or cause infringement by inducement of the '231 Patent, but Equipt4 acted despite an objectively high likelihood that such activities would infringe the '231 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Pick Punch prays for the following relief against Defendant Equipt4:

a)      Entry of a judgment declaring that Equipt4 has infringed one or more claims of the '231 Patent;

b)      Entry of a judgment declaring that Equipt4 has contributorily infringed one or more claims of the '231 Patent;

c)      Entry of a judgment declaring that Equipt4 has induced third parties to infringe one or more claims of the '231 Patent;

d)      Entry of a judgment declaring that Equipt4 has infringed one or more claims of
the '231 Patent by importing, making, using, offering to sell, or selling guitar
picks produced from identification cards using the Equipt4 Products during the
term of the '231 Patent;

e)      Entry of a judgment declaring that Equipt4's infringing activities were willful;

f)      Entry of a judgment declaring that the actions of Equipt4 have made this an
exceptional case;

g)      A preliminary and permanent injunction against Equipt4 pursuant to 35 U.S.C.
§ 283 to prohibit continuing infringement of the '231 Patent;

h)      An award of damages pursuant to 35 U.S.C. § 284 to compensate Pick Punch for
Equipt4's infringement, said damages to be trebled because of Equipt4's willful
infringement;

i)      An award of pre-judgment and post-judgment interest and costs to Pick Punch;

j)      An award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

k)      Such other and further relief as the Court may deem just and fair.

## JURY DEMAND

Plaintiff Pick Punch LLC, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury.


Dated:  August 22, 2013                    Respectfully submitted,

                                                               ICE MILLER LLP


                                                               */s/ Hansel H. Rhee*
                                                               _____
                                                               Hansel H. Rhee  (Bar No. 14072)
                                                               250 West Street
                                                               Columbus, OH 43215
                                                               P: (614) 462-2700
                                                               F: (614) 462-5135
                                                               Hansel.Rhee@icemiller.com

                                                               *Attorneys for Plaintiff Pick Punch LLC*